## FLIPPEN v. MILLWARD.

No. 7551.   Decided August 28, 1951.   (234 P. 2d 1053.)

See 61 C. J. S., Motor Vehicles, sec. 556. Duties of drivers of automobiles proceeding in the same direction. 5 Am. Jur., Automobiles, sec. 280; 104 A. L. R. 485.

*J. Grant Iverson,* Salt Lake City, for appellant.

*Gustin, Richards & Mattsson,* Salt Lake City, for respondent.

WADE, Justice.

This action arose out of a collision between an automobile being driven by Anita Flippen and one being driven by Fay Millward along Highway 91 at its intersection with Church Street which is immediately north of the main intersection of Layton, Utah. This collision occurred on a very foggy morning at about 8:00 A.M. on November 20, 1949, when Millward ran a 1942 Ford Station Wagon he was driving into the rear of a 1946 Hudson pickup truck Mrs. Flippen was driving. This appeal is brought by Mrs. Flippen, who was the plaintiff below and the appellant herein, from a jury verdict and judgment thereon of no cause of action.

But one question is presented. Appellant contends that the court erred in giving the following instruction because there was no evidence presented that she suddenly decreased her speed or failed to give an appropriate signal and therefore this instruction was inapplicable and prejudicial under the facts and circumstances of her case. The instruction reads:

"You are instructed that no person shall suddenly decrease speed of a vehicle without first giving an appropriate signal which would indicate to a driver immediately to the rear that said vehicle was going to decrease its speed; and if you find by a preponderance of the evidence that plaintiff suddenly decreased her speed upon said high-

way without giving a signal that could be seen and observed by a driver in the rear and that her failure to give such signal in sufficient time to warn defendant caused or contributed to the accident and the resulting injuries, if any, then your verdict shall be in favor of defendant on plaintiff's complaint, no cause of action."

The record discloses that both appellant and respondent were traveling south along Highway 91 and that the fog was very dense that morning so that a car could not be seen more than 40 or 50 feet away with lights on. Appellant's destination that morning was Church Street. That street intersects with Highway 91 which immediately north of it is a two lane highway and running parallel with the highway on its west side is a ditch which runs under Church Street at the intersection. Appellant testified that as she approached this intersection she had been driving between 8 and 10 miles an hour and as she neared the corner turning into Church Street she gave a turning signal and had just put her car in second gear and slowed down so as to assure her avoiding missing the road and going into the ditch as she made the turn when her truck was struck in the rear.

Respondent testified that he had been driving his car at 15 miles per hour but had reduced its speed to between 8 and 10 miles an hour at the city limits of Layton. He testified that prior to the collision he had seen no car ahead of him nor any tail light of a car and that after the impact his car probably stopped in one car length as he applied his brakes either at the time or immediately prior to the collision. Both he and two other witnesses testified that after the impact appellant's car came to rest about 12 or fifteen feet straight ahead of respondent's car and one of the witnesses said that after the accident he moved appellant's truck off the road into the curb. Appellant testified that the impact pushed her car so that it went almost to where she stopped the car herself by driving it off the highway into the curb about 140 feet south of the impact. Respondent testified that when he hit the truck it felt like he had hit a solid object rather than a moving one.

From the evidence we have outlined above a jury could have reasonably found that if both appellant's and respondent's testimony were true as to the rate of speed their cars were traveling prior to the accident that the accident could not have occurred unless appellant had either suddenly stopped or suddenly decreased her speed. While it is true, as contended by appellant that no one directly testified that she suddenly slowed up without signalling, there is evidence from which the jury could reasonably infer that she did so and therefore the court properly instructed as it did. By her own testimony she did not give an appropriate signal for such an event, even if a hand signal could be seen in such a dense fog, for she testified she signalled she was going to turn and did not testify that she signalled she was going to slow down or stop. Also, there was no evidence that she had given a stop light signal, which probably under the circumstances, would be the only possible appropriate signal. Under these circumstances, it would have been better had the court instructed that unless her car was equipped with a stop light signal which she could and did use it would have been negligent for her to suddenly stop or decrease her speed. Both from the oral testimony as to the speed the cars were traveling and the testimony from which a jury could have reasonably believed that appellant's car came to rest approximately 12 to 15 feet directly in front of respondent's car after the impact, and from the additional fact that appellant had to cross a culvert into a rather narrow street in a dense fog to reach her destination, a jury could have reasonably found that she had suddenly decreased her speed without giving an appropriate signal and that this contributed to the accident. The court, therefore, did not err when it gave the instruction.

Affirmed. Costs to respondent.

WOLFE, C. J., and McDONOUGH, CROCKETT and HENRIOD, JJ., concur.