# Richmond

## J. Kyle Montague v. Addison C. Rucker.

October 14, 1963.

Record No. 5649.

Present, All the Justices.

The opinion states the case.

*Arthur E. Smith* and *Evans B. Jessee,* for the plaintiff in error.

*G. Kenneth Miller* and *James I. Moyer* (*May, Garrett, Miller, Newman & Compton,* on brief), for the defendant in error.

I'Anson, J., delivered the opinion of the court.

J. Kyle Montague, the plaintiff, brought this action to recover damages for personal injuries sustained when an automobile operated by Addison C. Rucker, the defendant, collided with the rear of plaintiff's car while the latter was allegedly proceeding to make a

left turn at an intersection. A jury trial resulted in a verdict for the defendant, upon which the trial court entered judgment, and plaintiff is here on a writ of error.

Plaintiff assigns as error the granting and refusing of certain instructions.

The accident occurred in the early afternoon of February 18, 1960, at the intersection of U. S. route 11 and Deyerle road in Roanoke county, Virginia. Route 11 is a three-lane highway and runs generally east and west at the point of the collision. Deyerle road intersects route 11 on the south forming a "T" intersection, which is not controlled by traffic lights. From the crest of a hill on route 11 approximately 300 feet east of the intersection the highway is downgrade with a general curve to the right, and a short distance west of the intersection the downgrade changes to an upgrade and the curve at that point bears gently to the left.

At the time of the accident plaintiff was driving his automobile west on route 11 and the car operated by the defendant was following. It was snowing hard at the time and snow had been falling all day, which made it necessary to use snow plows to keep the highway open.

Plaintiff testified that when he came over the crest of the hill on route 11 he proceeded downgrade in the center lane, at a speed ranging from 15 to 5 miles per hour, and since he intended to turn into Deyerle road he turned on his left-turn blinker light. At that time he looked in his rear-view mirror and saw no traffic behind him. As he approached the intersection he met cars traveling in the opposite direction on route 11, and in order to allow the approaching cars to clear the intersection before making a left turn, he slowed down his car and it was barely moving or had stopped when it was struck in the rear by defendant's car.

The defendant and his wife, who was one of the passengers in his car, testified that defendant's automobile traveled down the hill at a low rate of speed, within one or two car-lengths behind the plaintiff's car, and neither of them saw a left-turn signal blinking on plaintiff's car. As they approached the intersection they saw cars traveling in the opposite direction on route 11. When plaintiff's car reached the intersection he stopped it suddenly without giving any signal, and defendant's car ran into the rear of plaintiff's car.

The crucial question raised by plaintiff's assignments of error, and the only one we need consider for the purpose of this appeal,

is whether the trial court erred in granting instruction No. 5. It reads as follows:

"The court instructs the jury that every driver who intends to stop his automobile shall use reasonable and ordinary care under the circumstances to see that he can stop in safety to himself and to others, and whenever the operation of any other automobile may be affected by his stopping, he shall give a signal plainly visible to the driver of such other automobile of his intention to make such stop.

"And if you believe from the evidence that the plaintiff, J. Kyle Montague, stopped his automobile suddenly, without proper warning, or without giving the required signal of his intention to stop, then the plaintiff was guilty of negligence, and if you further believe that such negligence proximately caused or contributed to the accident then your verdict must be for the defendant, Addison Clay Rucker."

Plaintiff argues that the court erred in giving the instruction because it ignored his theory of the case. He says that he was not required to give a stop signal while his left-turn signal light was blinking; that the left-turn signal was notice to the defendant that he might have to slow down or stop in order to make his turn in safety; and that the jury should have been so told in the instruction complained of.

We think plaintiff's position is well taken.

It will be observed that the instruction presents only the theory of defendant's case and directs a finding for him if plaintiff stopped suddenly without giving a stop signal.

We have repeatedly held that a finding instruction which states only an incomplete and partial view of the material evidence is erroneous and constitutes reversible error. *Stevens* v. *Mirakian*, 177 Va. 123, 132, 133, 12 S. E. 2d 780, 784; *Smith* v. *The Pittston Company*, 203 Va. 711, 715, 127 S. E. 2d 79, 83; 10 Mich. Jur., Instructions, § 17, pp. 208, 209; Burks Pleading and Practice, 4th ed., Instructions, § 298, pp. 535, 536.

There was evidence that plaintiff gave a signal of his intention to turn left into Deyerle road, pursuant to and in accordance with the requirements of §§ 46.1-216,[1] as amended, 1962 Cum. Supp., and

---

[1] "§ 46.1-216. *Signals required on starting, backing, stopping or turning.*—Every driver who intends to start, back, stop, turn or partly turn from a direct line shall first see that such movement can be made in safety and whenever the operation of any other vehicle may be affected by such movement shall give such signals as are required in §§ 46.1-217, 46.1-218 * * * plainly visible to the driver of such other vehicle, of his intention to make such movement."

46.1-217,[2] Code of 1950, 1958 Repl. Vol., and that he slowed down, or stopped, at the intersection to yield the right of way to traffic proceeding east on route 11, which he was required to do pursuant to § 46.1-222,[3] Code of 1950, 1958 Repl. Vol. Defendant conceded that he saw traffic coming in the opposite direction on route 11 as he approached the intersection.

Code § 46.1-218, relied on by defendant, has no application here because there was no evidence that plaintiff changed his indicated course (to make a left turn) and thus it was not necessary for him to alter his original signal.

Thus, whenever a motorist gives a signal of his intention to turn left from a direct line of travel into another highway, the driver of a following vehicle is put on notice that it may become necessary for the driver signaling a left turn to stop before entering the intersection to yield the right of way to traffic proceeding from the opposite direction. He is not required to give any further notice under our statutes. See also *Mongar* v. *Barnard*, 248 Iowa 899, 82 N. W. 2d 765, 768, 769, 774. Cf. *Flippen* v. *Millward*, 120 Utah 373, 234 P. 2d 1053.

The finding instruction complained of omitted plaintiff's material evidence that he gave a left-turn signal which was notice to the defendant that the plaintiff might have to stop in order to make his turn in safety. Hence it was erroneous because it presented only a partial view of the case and ignored plaintiff's theory.

For the reasons stated, the judgment of the court below is reversed and the case is remanded for a new trial.

*Reversed and remanded.*

---

[2] "§ 46.1-217. *How such signals given.*—(a) The signal required by § 46.1-216 shall be given by means of the hand and arm or by some mechanical or electrical device approved by the Superintendent, in the manner herein specified. * * *"

[3] "§ 46.1-222. *Same; vehicle turning to left.*—The driver of a vehicle, in an intersection and turning therein to the left across a line of travel of vehicles within or approaching the intersection shall yield the right of way to such other vehicles * * *."