# CHARLESTON.

## K. A. MAYNARD v. E. L. BAILEY.

Submitted February 25, 1920.   Decided March 2, 1920.

1. EVIDENCE—*Misconduct of Parties Intended to Prevent Fair Trial Admissible to Prove Falsity of His Claim or Defense.*
      Evidence of misconduct of a party to an action, having for its motive or purpose prevention of a fair trial, by intimidation or corruption of a witess or otherwise, is admissable against him, on the ground of its tendency to prove the falsity or fraudulent nature of his claim or defense. (p. 682).

2. Same—*Witnesses—Party's Letter Offering Money for Declining to Testify Was Admissible in Evidence Against Writer.*

A letter written to a witness, by a party to an action, imploring him not to testify in the case, denying his knowledge of any material fact, offering to pay him money, if needed, after a trial unattended by him, and admonishing him of danger of arrest on a criminal charge, if he should come into the State, is admissible evidence against the writer. (p. 682).

3. Same—*Circumstantial Evidence Admissible to Prove Genuineness of Letter, Although Ordinarily Proved by Handwriting.*

Though genuineness of a letter, a fact essential to its admission in evidence, is ordinarily proved by testimony to the handwriting of its author, circumstantial evidence is admissible for the purpose. (p. 683).

4. Same—*Circumstances Sufficient to Establish Authenticity or Origin of Typewritten Letter, Signed on Typewriter, Stated.*

The authenticity or origin of a typewritten letter, signed in typewriting, may be established or shown by the character of the paper and envelope used, the place and circumstances of its mailing, the postmarks, the direction for its return in case of non-delivery and manifest probability that the subject matter of its contents was known only to the apparent writer and the person to whom it was written and mailed. (p. 683).

Error to Circuit Court, Mingo County.

Action by K. A. Maynard against E. L. Bailey. Judgment for plaintiff, and defendant brings error.

　　　　　　　　*Reversed; verdict set aside; remanded.*

*S. D. Stokes,* for plaintiff in error.
*Whitt & Shannon,* for defendant in error.

Poffenbarger, Judge:

Plaintiff sold and delivered to the defendant a concrete mixer. Upon failure of the defendant to pay for it, this suit was instituted to recover the purchase price. The latter insists that the mixer was sold to him, under a guaranty that it would mix fifty cubic yards of concrete per day; that, after a thorough and fair trial, it was found that it would not mix nearly that quantity; that he thereupon notified the plaintiff he would not accept it, and advised him that he would make such disposition of it as plaintiff desired. Declining to have anything to

do with it, the plaintiff brought this suit to recover the purchase money. The sole issue in the case is whether there was such a guaranty.

Plaintiff's theory is that the defendant desired to purchase the machine, which was a second-hand one; that he went with him to its location; that, after having examined it, they agreed upon the price; and that he then shipped it to the defendant, in accordance with their agreement. On the other hand, the defendant says that, at the time of the purchase, he asked the plaintiff about the capacity of the machine, explaining to him that he wanted one that would mix a considerable amount of concrete, as he had a large job on which he intended to use it; that the plaintiff informed him it was a machine of fifty cubic yards capacity per day; that he thereupon advised the plaintiff that, if he would guarantee it to mix that much concrete per day, he would take it; and that the plaintiff did so guarantee it and ship it. A witness by the name of Blackburn was introduced, who testified that he was present during at least a part of the negotiations between the parties, and, in his testimony he fully corroborated the defendant. With his evidence, there was offered a letter purporting to have been written by the plaintiff to the witness, while the litigation was pending, which the court refused to admit, and this action of the court is the basis of the only assignment of error.

This witness swore the letter was received by him in the ordinary course of mail, a few days after its date, in an envelope addressed to him at his post office and postmarked at Williamson, West Virginia, the post office of the plaintiff, with a notation in the upper left hand corner, directing its return after five days to the plaintiff, contractor and builder, at Williamson, West Virginia. The letter itself was written upon a letterhead purporting to be that of the plaintiff, bearing his post office box number, and designating the business in which he was engaged. The entire letter, including the signature, was written with a typewriter. It exhorted the witness to lead a better life, and advised him that the writer was not at all mad at him, but had forgiven him for all past offenses. It also reminded him that he had promised the writer not to appear against him as a witness in this case, and informed him

that, as he lived out of the state, he could not be compelled to testify. It told him that Bailey, the defendant, had caused his discharge, and expressed willingness to pay the witness ten dollars, after the trial, if he did not appear in the case and needed the money; but he was advised to tell the truth if he should appear. It further reminded him that he knew nothing about the case, he not having heard the contract between the parties, and, in the concluding paragraph, it suggested the witness' continued absence from the State, on account of a reputed indictment against him in the Federal Court at Huntington. While it does not in words say the witness would be adverse to the plaintiff, in case he should testify, its plain purpose was to prevent his attendance.

The attempt to justify the action of the court in its rejection of the letter is based upon two grounds; (1) lack of any statement or admission therein, material to the issue involved if it was written by the plaintiff; and (2) insufficiency of the evidence of its genuineness to justify its admission.

If this document is a product of the plaintiff, its materiality and relevancy are obvious. It is for the jury to determine, whether it was written and mailed for immunity from damaging testimony, spiritual and civic edification and betterment of the witness or protection of the administration of justice from impurity and contamination. If the jury should find the motive was such immunity, the plaintiff's conduct was a circumstance in the nature of an admission, because it was an effort to prevent a fair trial of a vital issue, by improper, reprehensible and perhaps criminal means. It imports knowledge on his part of disinterested evidence condemnatory of his own testimony and corroborative of that of his adversary. If written by him, the letter reflects upon his credibility and might have resolved the sharp conflict in the evidence against him. Subornation of a witness by a party to a suit, or his attempt to do so, is evidence of an admission of the falsity or fraudulent nature of his claim. *Egan* v. *Bowker,* 5 Allen (Mass.) 449; *McHugh* v. *McHugh,* 186 Pa. 197; *U. S. Brewing Co.* v. *Ruddy,* 203 Ill. 306. Fabrication or suppression of evidence, by a party to an action, is admissible in evidence against him on the same principle. *State* v. *Hogan,* 67 Conn. 581; *People*

v. *Hane,* 108 Cal. 597. For both propositions, see Jones, Ev., sec. 287, citing many cases illustrating the principle.

Of course, authentication of a letter is always a prerequisite to its admission over a sufficient objection, but its genuineness may be shown in more than one way. Ordinarily, it is done by proof of the handwriting, but, when neither the letter nor the signature is in the handwriting of the author, it may be shown in other ways. If this were not true, there might be a failure of justice in every instance in which a controlling document has not been written or signed by the author thereof in his own handwriting, and in every instance in which it is impossible to produce a witness to the handwriting. Men might escape their obligations by mere disguises of their handwriting. Like any other material fact, the authenticity or genuineness of a letter may be established by circumstantial evidence. If its tenor, subject matter and the parties between whom it purports to have passed make it fairly fit into an admitted or proved course of correspondence and constitute an evident connecting link or part thereof, these circumstances justify its admission. *Loverin and Browne Company* v. *Bumgarner,* 59 W. Va. 46; *Capital City Supply Co.* v. *Beury,* 69 W. Va. 612; *Fayette Liquor Co.* v. *Jones,* 75 W. Va. 119; *Ramsey* v. *Reid,* 83 W. Va. 197; Jones, Ev., sec. 583. If the signature of a letter is typewritten or stamped, the evidence afforded by its contents justifies its admission. Wigmore, Ev., sec. 2149. A letter written for an illiterate person by another, is admissible, if it appears from its contents, to have been written by one having knowledge reasonably attributable only to the parties between whom it passed, or at his dictation. *Singleton* v. *Bremar,* 1 Harper, (S. C.) 201; 10 R. C. L. Tit. Ev., sec. 353. Proof of the habit or custom of one from whom a letter, bearing a rubber stamp signature, purports to have come, to dictate his correspondence to an amanuensis and have her affix his name to his letters by means of such a stamp, justifies its admission. *Deep River National Bank's Appeal,* 73 Conn. 341. A letter written upon a letterhead of the party from whom it purports to have emanated and bearing the same signature as that found upon other letters received from him, is sufficiently authenticated to go to the jury, the circumstances affording *prima*

*facie* evidence of its genuineness. *International Harvester Co.* v. *Campbell,* 43 Tex. Civ. App. 421.

The character of the letter in question, as shown in the statement of the case, leaves no doubt of the sufficiency of the paper on which it was written, its direction, the places of its deposit in the mail and receipt therefrom, its purported authorship and its contents, to carry the questions of its emanation and actual authorship to the jury for determination.

For the error in its rejection, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed; verdict set aside; remanded.*