SEALY COTTON CO. v. GUSTAFSON & SPENCER, Inc. (No. 8404.) *.

(Court of Civil Appeals of Texas. Galveston. Dec. 6, 1923. Rehearing Denied Jan. 17, 1924.)

1. **Sales ⚶378—Effect of plea of non est factum in seller's action for breach of contract stated.**

Plea of non est factum in action for breach of contract for sale of oil had reference to time and act of execution of the contract.

2. **Sales ⚶379—Contract proved held not at variance with one pleaded in seller's action for breach.**

Where, in seller's action for breach of contract for purchase of oil, seller alleged a contract entered into with defendant "S. cotton company," etc., proof of a contract signed by "S. Cotton Company, H., Mgr., per G.," was not a material variance, since it purported to be buyer's act as charged.

3. **Sales ⚶379—Proof of contract signed H. per G. held not material variance from allegation of one signed H. in seller's action for breach.**

Where seller, in action for breach of oil sale contract, alleged a contract accepted by

buyer, H., as manager, declaring H. to have been authorized to execute it, and further charged buyer's part performance and ratification, and urged estoppel against buyer to deny it, evidence to substantiate the claim was proper notwithstanding that H.'s name was signed to the contract by G., it being permissible to show authorization by H. to G. so to sign, and such proof, in view of evidence of ratification of the contract by H., not being calculated to surprise or mislead buyer, and therefore not being a material variance.

**4. Pleading ⊕⊃388—Variance, to be material, must surprise or mislead.**

To be material in a legal sense, a variance must be such as to ·surprise or mislead the party sought to be charged.

**5. Evidence ⊕⊃378(2) — Letters received through mails in reply to letters on same subject admissible without formal proof of execution.**

Where letters were received through the mails in reply to prior letters on the same subject written and mailed by the seller of oil to the buyer. they were admissible in seller's action for breach of the contract without formal proof of execution.

**6. Evidence ⊕⊃271(18)—Invoices held not inadmissible as self-serving declarations in seller's action for breach of contract.**

In seller's action for breach of oil sale contract, invoices shown by direct testimony to have been issued as an incident to actual shipment of oil to buyer pursuant to the contract were admissible as against the objection that they were in the nature of self-serving declarations, as a circumstance tending to show shipment and receipt as well as recognition and ratification of contract by buyer.

**'7. Appeal and error ⊕⊃1050(1)—Errors in admission of evidence in seller's action for breach held harmless.**

In seller's action for breach of oil sale contract, where market price of oil was proved by other evidence, and no freight charges were included in the judgment against buyer, any error in permitting testimony as to what the market price was on certain dates from averages on sales made by witnesses, and as to who should pay the freight, was harmless.

**8. Appeal and error ⊕⊃931(6)—Presumed only competent evidence influenced trial court's judgment.**

In trial before court without a jury, it will be presumed that only competent evidence influenced his judgment.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Action by Gustafson & Spencer, Inc., against the Sealy Cotton Company. Judgment for plaintiff, and defendant appeals. Affirmed.

C. G. Krueger, of Bellville, for appellant.

Capps, Canty, Hanger & Short, of Fort Worth, for appellee.

GRAVES, J. Appellee in this proceeding sued appellant for breach of a contract to purchase from appellee's predecessor, to whose rights it had succeeded, 144,000 gallons of fuel oil, to be delivered during a period of six months from March 1 to August 31, 1921, at the agreed price f. o. b. tank car refinery at Wichita Falls, Tex., of $1 per barrel of 42 gallons, cash upon receipt of sight draft, with bill of lading for each shipment attached; the contract' of purchase provided that orders would be made by appellant upon appellee's predecessor 'for the oil, and deliveries would be made monthly, 8,000 gallons each for March and April, and 32,000 gallons each for the remaining months of May, June, July, and August.

Appellee charged that contrary to and in violation of this contract the cotton company refused to accept any of the oil for the months of April, June, July, and August, and only accepted 7,931 gallons of the agreed amount for the month of May, to its aggregate damage according to the difference in the market and the contract price for the months specified, which it 'set out in detail, of $1,685.68 and interest thereon.

The appellant answered the suit with a general denial and a plea of non est factum duly verified as required by law.

The appellee then further pleaded as follows:

"Plaintiff would further allege in reply to defendant's answer that the said contract was signed 'Sealy Cotton Company, by H. L. Hillebrand, Manager,' and plaintiff would further allege that the said H. L. Hillebrand, aforesaid, had the proper authority to execute the contract on behalf of the defendant herein. Plaintiff further alleges that the said H. L. Hillebrand had the implied authority to execute the contract 'in fulfillment of his express duties as manager of the defendant company. Plaintiff would further allege that the said defendant herein held out the said H. L. Hillebrand, aforesaid, as possessing authority to execute such contract, and that said Hillebrand had the apparent or ostensible authority to execute the same, and that the plaintiff herein was justified in believing, as it did believe, that the said H. L. Hillebrand, manager aforesaid, did have the authority, commensurate with his duties as manager of the defendant company, and that the defendant herein is estopped to deny the lack of authority on the part of this agent to the detriment of this plaintiff.

"Plaintiff would further allege that the defendant, by and through its representatives conducting its business and having authority—express or apparent authority—to do so, expressly ratified and confirmed the said contract, and did, in fact, accept and pay for one shipment of the oil in question under this contract; and that, for each and all of the above reasons, the defendant is estopped to deny the authority of the said H. L. Hillebrand, whose name is attached to the contract in question."

---

⊕⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The cause was tried before the court without a jury, and judgment in favor of appellee for $1,704.64 was rendered against appellant, from which it prosecutes this appeal.

[1] On the trial below, under the pleadings outlined, the appellee offered in evidence as the sales contract sued upon an instrument literally conforming in context to the averments made, duly signed upon the one side by its predecessor, and upon the other bearing this signature:

"Accepted: By Sealy Cotton Co., H. L. Hillebrand, Mgr., Per O. A. G."

Appellant objected on the ground that the contract tendered was at variance with the one declared upon, in that the one in suit was alleged to have been made by Hillebrand on the part of the cotton company, whereas that offered in proof showed that another person not the manager, O. A. G., had executed it; further, that no proof of the execution of or explanation of erasures and interlineation in the document tendered had been made.

The objections were overruled, and the trial court's action in receiving the contract in evidence is complained of here.

We do not think any error is shown. In the first place, there was no material variance tending to surprise or mislead the appellant, and, in the second, if it could be said that the due execution of the contract at inception was not established, proof at least of its subsequent acknowledgment and ratification, pursuant to the allegations to that effect in answer to the non est factum plea, was made; as the plea of non est factum has reference to the time and act of execution, this conclusion alone disposes of all appellant's contentions having their source in the filing of that pleading.

[2] The appellee, in that part of its trial petition which preceded the previously quoted averments therein by way of reply to the non est factum answer, had alleged:

"That on or about the 17th day of February, 1921, Anderson & Gustafson, Inc. [its predecessor] entered into a written contract with the defendant, Sealy Cotton Company," etc.

It was certainly no material variance from that declaration to present in proof a contract subscribed, "Accepted: By Sealy Cotton Co., H. L. Hillebrand, Mgr., per O. A. G.," since it directly purported to be the cotton company's act, as just charged.

[3] When the quoted averments were added setting up that the contract—that is, the Cotton Company's contract, as previously alleged—was signed by H. L. Hillebrand, manager, declaring him to have been thereunto authorized, further charging express ratification, part performance, and confirmation thereof by appellant, as well as urging a consequent estoppel to deny the same against it, evidence to substantiate the claim was clearly receivable along with the instrument itself; and this notwithstanding that Hillebrand's name appeared to have been signed by O. A. G. It was still permissible to show that the act itself was that of Hillebrand, manager, through authorization from him to the one who signed his name. Ry. Co. v. Chandler, 51 Tex. 416; Henderson v. Lumber Co., 61 Tex. Civ. App. 136, 128 S. W. 671.

When the evidence is looked to, as before stated, it clearly appears that the contract was that of appellant, and, if not originally executed by Hillebrand's direction, or with his knowledge and consent, was subsequently ratified and acted under by him in his official capacity as manager for appellant. It bore date February 17, 1921, and no question of a lack of authority to execute it for appellant was ever raised until its answer was filed in this suit on June 7, 1922. Between these two dates there was correspondence between the parties about the matter, Hillebrand signing the name of appellant as manager, and not only was there no denial of the authenticity of the contract, but it was expressly recognized. For instance, on March 21, 1921, he wrote in reply to a letter from appellee's predecessor, explaining that the cotton company could not take any oil that month on account of having no storage for it, saying as soon as they got a boiler in operation and used up some of the oil on hand they would advise the seller. On August 5, 1921, he wrote appellee in response to its letter to appellant of the day before, expressly referring to the oil contract, and stating that they had at no time refused to take the oil, but asked that it be shipped open on 30 or 60 days' time, as the cotton company was unable at that time to pay cash for the shipments. Furthermore, one car of oil containing 7,931 gallons was ordered by and shipped on May 6, 1921, to appellant under this contract, and was received and paid for by it in the manner and according to the terms therein stipulated.

[4] To be material in a legal sense, a variance must be such as to surprise or mislead the party sought to be charged (Wiebusch v. Taylor, 64 Tex. 53; Taylor v. Merrill, 64 Tex. 494), and that result was not reasonably calculated to follow here, as in substance the pleadings charged and the contract offered in support evidenced an act and agreement of the appellant.

But, if there were not so, the ratification shown by the letters and course of dealing between the parties must fix liability under the contract in suit upon appellant; it permitted Hillebrand, without ever denying his full authority, to hold himself out as its manager, and to write letters as such in its name to appellee in reply to the latter's communications to it concerning this oil contract. For that purpose it also suffered him to use its letter heads, which showed that the authority he was thereby assuming to exercise was in doing what was necessary and proper in carrying out the business in its

usual and accustomed way. Responsibility for the course thus pursued having been brought home to it, authority for the execution of the contract would follow by implication. Hinton v. D'Yarmett (Tex. Civ. App.) 212 S. W. 518; Mecham on Agency (2d Ed.) vol. 1, art. 980; Sealy, etc., Co. v. Bishop Mfg. Co. (Tex. Com. App.) 235 S. W. 850.

[5] Error is also assigned upon the admission of the letters of March 21 and August 5, 1921, above referred to, as well as of the invoice of May 6, 1921, purporting to show shipment of the car of oil previously mentioned as having been shipped under the contract on that date from appellee's predecessor to appellant, which was attached as an exhibit to the deposition of the Fort Worth manager of the former concern.

The objection to the letters was that they had not first been proven to have been written by appellant's duly authorized agent, while that to the invoice was that it was an ex parte statement in appellee's behalf, in the nature of a self-serving declaration, and appellant was afforded no opportunity to cross-examine the party whose act it purported to be.

The objections cannot be held good; as the recitation already made of the facts attending them has indicated, the letters were received through the mails in reply to prior letters on the same subject written and mailed by appellee to appellant, and hence were receivable without the formal proof of execution in other circumstances required. 3 Wigmore on Evidence, § 2153; Denby, etc., Co. v. Mears (Tex. Civ. App.) 229 S. W. 994; Magnard v. Bailey, 85 W. Va. 679, 102 S. E. 480, 9 A. L. R. 981.

[6] As concerns the invoice, it was shown by the direct testimony of its manager at that time to have emanated from and to have been issued by appellee's predecessor as an incident to the actual shipment by it to appellant, pursuant to the contract, of the car of oil therein described, and was at least admissible as a circumstance tending to show the shipment and receipt of that much of the oil, as well as a consequent recognition and ratification of the contract by appellant.

[7] There is no merit in further contentions to the effect that witnesses were permitted to testify to what the market price of oil was on certain dates from averages on sales made by them, and others as to who should pay the freight charges under this contract from Wichita Falls to Sealy; whatever error there was in the receipt of such testimony was entirely harmless, since the market prices involved were otherwise properly shown, and the contract in suit, by its provision of "$1 per 42-gallon barrel f. o. b. tank cars refinery, Wichita Falls Dist.," bound appellant to pay the freight. 35 Cyc. 106; Heid Bros. v. Reisto (Tex. Civ. App.) 247 S. W. 357; Gottlieb v. Dismukes (Tex.

Civ. App.) 230 S. W. 792. Moreover, no freight charges were included in the amount for which judgment was rendered.

Under what has been said, it could make no material difference whether the contract showed upon its face that H. L. Hillebrand had signed it or not; wherefore the eleventh assignment points out no prejudicial error.

[8] The conclusions stated dispose of the merits of the appeal. The trial was before the court sitting without a jury, whose province it was to weigh all the evidence, and, if there was sufficient admissible testimony to properly support the judgment rendered, as we conclude was undoubtedly the case, it will be presumed on appeal that no other influenced the decision.

All assignments have been overruled, and the judgment affirmed.

Affirmed.