# Richmond

## Lois Stevens v. Paul Mirakian.

January 13, 1941.

Record No. 2296.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

124

*Thomas A. Williams* and *L. C. O'Connor,* for the plaintiff in error.

*M. J. Fulton, Leith S. Bremner* and *William M. Blackwell,* for the defendant in error.

Gregory, J., delivered the opinion of the court.

Mrs. Lois Stevens instituted an action at law against Paul Mirakian, her employer, for personal injuries alleged to have been sustained by her as the result of the negligence of Mirakian in failing to keep his premises in a reasonably safe condition. She obtained a verdict for $3,000, which was set aside by the trial court on the ground that it was not supported by the evidence. A

judgment was entered for Mirakian. This action of the court is made the subject of the sole assignment of error.

The facts may be summarized thus: Mrs. Stevens, a young woman twenty-two years of age, was employed by the defendant as a waitress in his confectionery and restaurant. She had worked in this capacity for the defendant upon one other occasion for something less than a month. This second time she began work on October 19, 1938, and was injured on the next day, October 20. She was injured about 2:30 P. M., after having worked steadily from 8 A. M. of that day. About 2:30 P. M., as her work slackened, she decided to rest, and attempted to sit in a chair which was located towards the rear of the restaurant in a place that was not well lighted. When she sat in the chair it gave away, and she was thrown to the floor and injured. The chair had only three legs when it should have had four, and this defect in the chair caused her to fall.

All of the material facts were controverted. Those recited here were developed from the testimony of the plaintiff herself.

Liability was predicated in the notice of motion for judgment upon the negligence of the defendant in failing to exercise reasonable care to furnish a reasonably safe chair on which the plaintiff could sit. It was alleged that as a result of that failure she was injured. In other words, the common-law duty of the master to provide a safe place for his servant to work and safe instrumentalities with which to perform the work was invoked. The case in the trial court was tried solely upon that theory. The court, in granting the instructions dealing with the duty of the master to provide for his servant safe instrumentalities and a safe place to work, applied the common law of master and servant. Not until the case reached this court did the plaintiff in error (who was the plaintiff below) invoke Code, §1807, which makes it a misdemeanor for an employer to fail to provide for female employees working in certain establish-

ments chairs, stools, or other suitable seats to be used by them for the purpose of preserving their health. She now for the first time relies upon that statute as creating a "statutory duty" requiring the defendant to provide safe chairs for his employees, at all events, regardless of the law of negligence. This contention would require the employer to be an absolute insurer of the safety of an employee against any injury from defective instrumentalities.

■ ■ It is too well-settled to call for citation of authority that this court will not consider questions not presented to the court below, nor brought to its attention. We do not consider matters which are not presented in the pleadings or involved in the issues of the case in the trial court. New contentions first appearing in the petition for appeal are beyond our review of the case. See Michie's *Digest of Virginia and West Virginia Reports,* vol. 1, *Appeal and Error,* §234, where numerous cases are cited.

■ Nor will this court take judicial notice of a statute invoked here for the first time. It is required to take judicial notice only of statutes relied on in the court below. Code, §6190; *Commonwealth* v. *Castner, etc.,* 138 Va. 81, 121 S. E. 894.

■ The common law duty imposed upon a master to provide safe instrumentalities with which his servant is to perform his work is clearly stated in the case of *Norfolk & Western R. Co.* v. *Jackson's Adm'r,* 85 Va. 489, 8 S. E. 370, where it is held that the master must use ordinary care in supplying and maintaining suitable and safe instrumentalities for the performance of the work by the servant. The court, speaking through Lewis, P., said (85 Va. at pages 491, 492, 8 S. E. at page 371) : "But the obligation extends no further than to exercise ordinary care. Wood, Master & S., sec. 345; [*South West*] *Improvement Co.* v. *Smith's Adm'r* [85 Va. 306], 7 S. E. 365 [17 Am. St. Rep. 59]. The employer is not the guarantor of the employee's safety, and hence

he is not bound, at his peril, to provide only the best and safest instrumentalities, and to use the best methods for their operation; nor does he impliedly warrant the fitness and soundness of his machinery and appliances. 2 Rorer, R. R., 1212, note. If, in the exercise of ordinary care, he furnishes such as are reasonably safe and adequate, and keeps them so, that is all the employee can expect. The latter, likewise, must use ordinary care to avoid injuries to himself, and to entitle him to recover for defects in the appliances of the business, he is, ordinarily, required to show—*First*, that the appliance in question was defective; *secondly*, that the employer knew, or ought to have known, of the defect; and, *thirdly*, that the employee did not know of it, and that the injury complained of resulted in spite of ordinary care on his part. And the reason why he must establish the last, as well as the first two, of these propositions is, that the burden is on him to show that his case comes within an exception to the general rule, above mentioned; that is to say, that 'the injury did not arise from an obvious defect in the instrumentalities of the business, or from a hazard incident to the business but from a cause * * * which strips his act of the imputation of negligence and overcomes the presumption that he voluntarily took the risk upon himself.' Wood, Master & S., secs. 382, 414.''

The second essential listed above, ''that the employer knew, or ought to have known of the defect,'' is particularly applicable in the case at bar. In fact, unless the defendant knew or by the exercise of ordinary care should have known of the defective condition of the chair there could be no recovery against him.

To establish the fact of the defendant's knowledge of the defect, the plaintiff relies solely upon hearsay evidence which was admitted without objection from the defendant. This evidence was derived from a statement made by the plaintiff when she was being examined as a witness in her own behalf. She testified that Pauline Jones, another employee of the defendant, helped her

to get up after the fall and that Pauline said, "I told Paul (meaning the defendant) that old chair should have been thrown out long ago; that somebody was going to get hurt in it." This statement was not challenged by the defendant. His counsel actually cross-examined the plaintiff as to this particular statement. Upon taking the stand Pauline Jones, who supposedly made the statement, denied having made it. No doubt the trial court would not have admitted the statement if seasonable objection had been made to it, because, generally, hearsay evidence is not admissible.

However, the basis for the exclusion of hearsay testimony is that it is not subject to the tests which can ordinarily be applied for the ascertainment of the truth of such testimony. It has been said that it lacks any "guarantee of trustworthiness." For instance, the declarant is not generally present and available as a witness and subject to cross-examination. See 20 Am. Jur., *Evidence*, §452. However, in the present case, as already stated, the declarant Pauline Jones was present and testified. She was subjected to cross-examination, and denied making the statement.

The general rule is that hearsay testimony admitted without objection may properly be considered and given its natural probative effect. It may be the only relevant and material evidence obtainable. See 20 Am. Jur., *Evidence*, §452.

It is our view that the hearsay statement was evidence to go to the jury. Its weight was also for the jury and upon this testimony the jury could have found that the defendant knew of the defective condition of the chair. When this hearsay testimony is considered along with the evidence as a whole, conflicting though it is, we think it was sufficient to sustain the verdict. The trial court was in error when it set the verdict aside for insufficiency of evidence and entered final judgment for the defendant.

The error of the court consisted in entering final

judgment for the defendant. We are of the opinion that the verdict was correctly set aside, not for lack of evidence to sustain it, but for misdirection of the jury. Therefore the trial court should have awarded a new trial after setting the verdict aside.

The trial court, having overturned the verdict for lack of evidence, did not pass on the other objections made by the defendant. Timely objection was made and exception saved to the court's ruling on the granting of plaintiff's instructions. These additional grounds for setting the verdict aside are not abandoned in this court. In fact, the defendant invokes them here if we decide that the trial court was in error in setting aside the verdict for insufficient evidence. (See Rule 15.) The defendant asks for a new trial for the granting of erroneous instructions if he is not entitled to a final judgment in his favor.

Instruction No. 1, given at the request of the plaintiff, was erroneous because it authorized a recovery for her even though the defendant were not negligent. It rendered the defendant an insurer of the plaintiff against any injury by reason of the use of the chair, if it was defective and the plaintiff fell from it without fault on her part. The language of the instruction is as follows: "The Court instructs the jury that if they believe from the evidence in this case that on the 20th day of October, 1938, the plaintiff was employed by the defendant as waitress in his store and that during a lull period in the business, due to fatigue, the plaintiff sought rest upon a chair in the store whereupon the chair, due to its defective condition, fell throwing her causing the injuries shown by the evidence, while exercising ordinary care on her part, then your verdict must be for the plaintiff."

The instruction, being a finding one, clearly should have embraced all of the material theories of the case. A finding instruction which considers a partial view of the case is erroneous and is reversible error. See *Out-*

*law* v. *Pearce,* 176 Va. 458, 11 S. E. (2d) 600, decided at the November, 1940, session of this court.

As already seen the *gravamen* of the plaintiff's case was the negligence of the defendant. Without negligence on his part there could be no recovery; yet this instruction authorized a recovery even in the absence of any negligence on the defendant's part.

In instructions Nos. 5 and 6 it is in effect stated that the negligence of the defendant had to be shown before a recovery could be had. These conflicted with instruction No. 1. This conflict in the instructions was bound to have confused and misled the jury. In No. 1 they were in effect told that a recovery could be had in the absence of negligence while in Nos. 5 and 6 they were expressly told that no recovery could be had without a showing of negligence.

No instruction was given the jury telling them that it was essential that the evidence show or tend to show that the defendant knew or in the exercise of ordinary care should have known of the defective condition of the chair and thereafter failed to repair or remove it from his place of business.

In this case knowledge is an essential element of negligence. In fact negligence is based on knowledge, or, what is deemed in law to be the same thing, opportunity by the exercise of reasonable diligence to acquire knowledge, of the peril which subsequently results in the injury. We think that an instruction embracing this thought was necessary and should have been given.

The instruction offered by the defendant purporting to tell the jury that knowledge was necessary was properly refused because it was too involved and misleading.

The judgment of the lower court is reversed and the case remanded for a trial *de novo* in accordance with the views herein expressed.

*Reversed and remanded.*