COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia

TIMOTHY BARRON JEFFERSON

v.         Record No. 0830-94-2      MEMORANDUM OPINION[*]
                                  BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA              NOVEMBER 7, 1995

              FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                      Thomas V. Warren, Judge

          Edward A. Mann for appellant.

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General,
          on brief), for appellee.


     Timothy Barron Jefferson was convicted in a jury trial of
credit card theft, Code § 18.2-192, and credit card fraud,
Code § 18.2-195.  Jefferson contends that the trial court erred
by admitting into evidence the victim's bank credit card
statement and a letter from the bank to the victim containing the
personal identification number (PIN) for the credit card.
Specifically, he argues that the documents are hearsay and do not
fall within the business records exception.  We agree and reverse
the convictions.

     In mid-August of 1993, Elgin Myers experienced an
interruption in mail service after someone filed a change of
address form with the Blackstone Post Office listing Myers' new
address as post office box 614 in Blackstone.  Myers' mailing

_____
          [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

address was Route 2, Box 200, Blackstone, Virginia.  Kelley Rooney, a postal clerk in Blackstone, testified that the defendant, Timothy Barron Jefferson, had rented post office box 614 for approximately two years.  Myers testified that he did not complete the change of address form and had no intention of changing his mailing address.

In late September of 1993, Myers received a letter from Signet Bank providing him a personal identification number (PIN) for Signet Bank Gold MasterCard.  The letter was postmarked September 24, 1993, and, although delivered by the post office to Myers at Route 2, Box 200, it was addressed to "Elgin Myer, POB 614, Main Street, Blackstone."  Myers testified that his Signet Bank credit card had expired at the end of August 1993, but that he had not received in the mail his new card, as he customarily did.

Soon after receiving the PIN letter, Myers received a monthly credit card statement from Signet Bank that was also addressed to him at post office box 614 in Blackstone.  The statement showed a transaction with "Entrepreneur Group" in the amount of $257.75.  Myers testified that he did not order items from Entrepreneur Group.

The trial court admitted the PIN letter and the credit card statement into evidence over Jefferson's objection.

An extrajudicial statement or writing that is offered "to prove the truth of its content" is hearsay.  Hanson v.

-2-

Commonwealth, 14 Va. App. 173, 187, 416 S.E.2d 14, 22 (1992). Hearsay is inadmissible unless it falls within "one of the many established exceptions to the general prohibition against admitting" it.  Id.

The Commonwealth contends, relying upon Walters v. Littleton, 223 Va. 446, 450, 290 S.E.2d 839, 841 (1982), that both the credit card statement and the PIN letter were offered for the non-hearsay purpose of proving that the victim, Elgin Myers, had received them.  Alternatively, the Commonwealth argues that they were admissible under the business records exception to the hearsay rule.

The Commonwealth's reliance on Walters v. Littleton is misplaced.  In Walters, the Supreme Court held that the trial court erred in refusing to admit medical bills because they were not hearsay.  Id. at 450-51, 290 S.E.2d at 841.  The Court stated that the bills' "probative value in showing Walters' damages did not depend upon an out-of-court assertion, but upon Walters' assertion, based on an adequate foundation, that he received them for the services provided him."  Id. at 450, 290 S.E.2d at 841 (footnote omitted).  In the present case, however, proof that Myers received the statement was irrelevant without proof of the facts contained in the statement and PIN letter.  The credit card statement was offered to prove that someone had made charges on Myers' credit card to "Entrepreneur Group," and that the amount of the charge was $257.75.  Proof of these facts was not only

material, but essential to prove the elements of credit card theft and credit card fraud. Accordingly, the bank statement and PIN letter were offered to prove facts contained in them and, therefore, were inadmissible hearsay unless they fell within one of the exceptions to the hearsay rule.

Virginia follows the modern business records exception. Neeley v. Johnson, 215 Va. 565, 571, 211 S.E.2d 100, 106 (1975). The business records exception allows the introduction "into evidence of verified regular entries without requiring proof from the original observers or record keepers." Id. The party seeking to introduce the record must provide a "circumstantial guarantee of its trustworthiness," either by offering the testimony of the employee who received or prepared the record or a superior who can testify that the company regularly prepares and relies on these records in the transaction of its business. See "Automatic" Sprinkler Corp. of Am. v. Coley & Petersen, Inc., 219 Va. 781, 792-93, 250 S.E.2d 765, 773 (1979).

The Commonwealth did not introduce testimony from a Signet Bank employee who received or prepared the statement of charges or from a superior who could verify that the bank regularly prepares these statements and sends PIN notices in its regular course of business. Evidence from the person who prepared the records or from a person who can verify the procedure for creating the record or document provides an indicia of trustworthiness and reliability that is the hallmark for

-4-

admitting hearsay under the business records exception. See Ford Motor Co. v. Phelps, 239 Va. 272, 276, 389 S.E.2d 454, 457 (1990) (stating that "[t]he entry must be verified by testimony of the [employee who received the entry], or of a superior who testifies to the regular course of business") (emphasis added). The credit card statement and PIN letter that Myers received did not come within the business records exception, and, therefore, the trial court erred by admitting it. Accordingly, we decide whether the error is harmless.

"[N]on-constitutional error is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc); see also Code § 8.01-678. "'[A] fair trial on the merits and substantial justice' are not achieved if an error at trial has affected the verdict." Lavinder, 12 Va. App. at 1005, 407 S.E.2d at 911. "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." Id.

Proof that someone other than Myers charged over $200 on his credit card to Entrepreneur Group was not only material, but was essential to prove the fraudulent use of Myers' credit card and the amount charged to the card. The bank statement was the only

-5-

proof that someone had made a fraudulent charge.  Moreover, the information in the statement, including the address, along with the books from Entrepreneur Group found in the defendant's possession, tended to prove that the defendant made the charge. On this record, the bank statement was essential to prove several elements of the offenses; therefore, the inadmissible hearsay necessarily affected the verdict.

We reverse the defendant's convictions and remand this case for a new trial if the Commonwealth be so advised.

<u>Reversed and remanded.</u>