BENTON, Judge, with whom ELDER, Judge,
joins, dissenting.
At trial, the Commonwealth sought to admit a certificate of analysis pursuant to Code § 19.2-187. In pertinent part, that statute reads as follows:
In any hearing or trial of any criminal offense ..., a certificate of analysis of a person performing an analysis ... *13 performed in any laboratory operated by the ... the Division of Forensic Science when ... such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided ... the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial____
Any such certificate of analysis purporting to be signed by any such person shall be admissible as evidence in such hearing or trial without any proof of the seal or signature or of the official character of the person whose name is signed to it.
Code § 19.2-187. Because “[t]he statute deals with criminal matters, and it undertakes to make admissible evidence which otherwise might be subject to a valid hearsay objection,” the filing requirement in the statute must be “construed strictly against the Commonwealth and in favor of the accused.” Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980).
I.
The Commonwealth sought to prove the filing requirement by offering as evidence the following legend made by a stamp on the face of the certificate:
RECEIVED AND FILED
JUL 13 1995
CHESTERFIELD CIRCUIT
COURT
No evidence proved that the stamp was the official stamp of the Chesterfield Circuit Court Clerk’s Office. No evidence proved who affixed the legend. No employee of the clerk’s *14 office certified or authenticated the legend by writing or testimony.
“All writings are subject to the requirement of authentication, which is the providing of an evidentiary basis sufficient for the trier of fact to conclude that the writing came from the source claimed.” Walters v. Littleton, 223 Va. 446, 451, 290 S.E.2d 839, 842 (1982). “ ‘As a general rule, no writing may be admitted into evidence unless and until it has been ‘authenticated,’ i.e., until it has been shown to be genuine.’ ” Proctor v. Commonwealth, 14 Va.App. 937, 938, 419 S.E.2d 867, 868 (1992) (citation omitted). See also 2 McCormick on Evidence § 218 (4th ed.1992). However, “authenticating a document ... does not resolve other obstacles that may prevent the evidence from being admissible.” Hall v. Commonwealth, 15 Va.App. 170, 175, 421 S.E.2d 887, 890 (1992). Authentication is “a separate and distinct evidentiary problem.” Walters, 223 Va. at 451, 290 S.E.2d at 842. Because authentication only establishes the genuineness of the item, mere proof of authenticity does not necessarily resolve the question of admissibility. See 2 McCormick on Evidence § 218, at 36.
The majority concludes that the trial judge judicially noticed that the legend on the certificate was “an official stamp.”[2] The record contains no indication, however, that the trial judge actually judicially noticed that the legend on the certificate was the “official stamp” of the clerk’s office. Our decisions specifically state that “the fact of judicial notice must appear from the record.” Sutherland v. Commonwealth, 6 Va.App. 378, 383, 368 S.E.2d 295, 298 (1988). When the issue was raised at trial, the trial judge merely noted that “the question ... becomes whether or not that stamp is sufficient *15 without a personal identification of the clerk.” The judge then ruled that the fact of the legend on the certificate, without more, was sufficient to authenticate it.
Although no name or title is ascribed to the legend, the majority concludes that the trial judge could infer from the presence of the legend that it was genuine and affixed by some official of the clerk’s office. In short, the majority holds that the mere presence of the legend, without signature, sufficiently authenticates the document. The majority holds that appearance alone suffices to authenticate the item. However, in Carroll v. Commonwealth, 10 Va.App. 686, 396 S.E.2d 137 (1990), we held that a document purporting to be from the clerk’s office was not properly authenticated, where the person purporting to sign the document on behalf of the clerk was not identified and was not shown to be authorized by law to act. See id. at 691, 396 S.E.2d at 140.
The issue in this case is whether it is appropriate to infer from the presence of a purported official legend that the legend is genuine and was affixed by an official in the clerk’s office. See 7 Wigmore, Evidence § 2162, at 783 (Chadboum rev.1974) (stating that these elements “are distinct ... for it might be [the clerk’s] impression and yet another person might have affixed it”). See also 3 Spencer S. Gard, Jones on Evidence § 17:17, at 274 (6th ed.1972) (stating that authentication requires proof of execution as well as proof of the “source from which [the writing] was derived”); 2 McCormick on Evidence § 218, at 36 (stating that authentication requires “proof of authorship of, or other connection with, writings”). Thus, whether the legend was authentic depends upon whether (1) the legend was the official mark of the circuit court clerk’s office and (2) whether it was affixed by the clerk or someone authorized to act on the clerk’s behalf. Even if the trial judge could have taken judicial notice of the fact that the legend was the “official stamp” of the clerk’s office, he did not and could not take judicial notice of the fact that the legend on the certificate of analysis was genuinely affixed by the clerk or someone “authorized by law to act in place of the clerk.” Carroll, 10 Va.App. at 691, 396 S.E.2d at 140.
*16 The determination of who affixed the legend would not be a fact subject to judicial notice as a matter that is “generally known” or “easily ascertainable.” Doe v. Doe, 222 Va. 736, 746, 284 S.E.2d 799, 805 (1981). While “[i]t is conceivable that a court might judicially know what the design of a certain public [stamp] was, ... this would not of itself enable the judge to declare that the specific impression offered in court was genuine or forged.” 7 Wigmore, supra, § 2161, at 784. This is so because “the principle of judicial notice, i.e., of assuming the truth of an allegation without any evidence, rests on the conceded notoriety of the fact alleged, as being too well known to need evidence; obviously, this can never be the case with the specific act of executing a particular document.” Id.
No evidence in the record proved that the legend was affixed by an official of the clerk’s office. Because the legend contains no signature, initials, or any other indication of who affixed it, the trial judge had no evidence from which he could find that the legend was affixed by the clerk or someone “authorized to act in place of the clerk.” Carroll, 10 Va.App. at 691, 396 S.E.2d at 140.
Authentication may be accomplished by testimony of a competent witness with knowledge. See Jackson v. Commonwealth, 13 Va.App. 599, 602, 413 S.E.2d 662, 665 (1992). Authentication may also be accomplished by the fixing of the signature or seal of office of the clerk. See 7 Wigmore, supra, § 2131, at 714. Neither was done. The filing requirement of Code § 19.2-187 pertaining to the certificate of analysis must be “strictly construed against the Commonwealth and in favor of the accused.” Gray, 220 Va. at 945, 265 S.E.2d at 706. Thus, on this evidence, I would hold that the Commonwealth failed to authenticate the legend because the trial judge had no “evidentiary basis sufficient ... to conclude that the [legend] came from the source claimed.” Walters, 223 Va. at 451, 290 S.E.2d at 842. Accordingly, no evidence proved that the certificate of analysis was filed in the clerk’s office pursuant to the requirements of Code § 19.2-187.
*17 II.
Although the failure to authenticate the legend is dispositive, I address the majority’s discussion of the hearsay issue because I believe it is also flawed. The majority holds that the trial judge properly admitted the legend on the certificate under the provisions of Code § 8.01-889. That statutory exception to the hearsay rule provides, in pertinent part, as follows:
The records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record.
Code § 8.01-389(A) (emphasis added). For the reasons I have previously stated, the Commonwealth failed to authenticate the legend. However, even assuming, as the majority asserts, that the legend was authenticated, that fact is not sufficient to render the document admissible under Code § 8.01-389(A). To be admissible, the legend must be “authenticated and certified by the clerk of the court where preserved to be a true record.” Code § 8.01-389(A) (emphasis added). The record in this case contains no evidence that the clerk of the court where the document was required to be lodged “certified” that the legend on the document was true. The majority relies, however, upon Owens v. Commonwealth, 10 Va.App. 309, 391 S.E.2d 605 (1990), to hold that certification was not required because authentication was sufficient. I believe, first, the majority reads Owens too broadly and, second, if Owens is properly interpreted by the majority, the decision in Owens is plainly wrong and should be reversed.
In Code § 8.01-389(A), the legislature statutorily adopted the common law requirement that “records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record.” Code § 8.01-389(A). See 5 Wigmore, Evidence, § 1680-1681a, at 912-13, 919-21 (Chadbourn rev.1974). The statute does not *18 adopt a principle of certification by authentication; it requires authentication and certification. The clear language of the statute uses authentication and certification conjunctively. Both conditions must be present before the document can be admitted, and the proponent of the document bears the burden of proving both conditions exist.
In Owens, the “order was stamped ‘A COPY, TESTE: WILLIAM T. RYAN, CLERK’ and undersigned by the deputy clerk.” 10 Va.App. at 311, 391 S.E.2d at 606. That document contained the clerk’s statement that the document was a true copy, an attestation by the clerk, and the signature of the deputy clerk-attesting to the clerk’s certification. Thus, the facts proved the document was both “authenticated and certified by the clerk of the court.” Code § 8.01-389(A). Indeed, the Owens court noted that those facts were “sufficient to ‘authenticate and certify the document within the meaning of Code § 8.01-389.” 10 Va.App. at 311, 391 S.E.2d at 606.
In Owens, and now in this case, the Court reads out of the statute the clear legislative mandate that both authentication and certification are required before the record is admitted. Those terms were not synonymous under the common law, and we have no indication that the legislature intended them to be synonymous when adopting Code § 8.01-389(A). See also 5 Wigmore, supra, § 1679, at 877 (“It was natural, when declaring certified copies admissible, [for legislatures] to provide in the same place for a definite mode of authenticating them; and hence the two sets of rules — the admissibility of certified copies, and the proper modes of authenticating such copies — are customarily provided for at the same time by the same statutory act.”). Obviously, “[w]hen the official custodian certifies a copy to be used in evidence, and such a copy is admissible under the hearsay exception ..., the certificate also testifies, expressly or by implication, to the genuineness of the original in his custody from which the copy is made.” 7 Wigmore, supra, § 2158, at 772. To be admissible under Code § 8.01-389(A), however, the record must be both certified and authenticated. If Owens is read in this light, despite its statement that “the terms ‘authenticated’ and ‘certified’ are *19 basically synonymous,” 10 Va.App. at 311, 391 S.E.2d at 607, it clearly does not support the majority’s holding in this case.
Authentication addresses the genuineness of a document. Thus, authentication ensures that a document is what it purports to be. For example, under the common law, the act of a public official fixing the seal of that official’s office to a document was a means of authentication.
Certification, however, involves “a written assurance, or official representation, that some act has or has not been done, or that some event occurred, or some legal formality has been complied with.” Black’s Law Dictionary 225 (6th ed.1990). When a person certifies a document, he or she is attesting to the fact that what is contained in the document is true. Thus, a “ ‘certificate’ by a public officer is a statement ... which is by law made evidence of the truth of the facts stated for ah or for certain purposes.” Id.[3] Here, if the clerk had certified the legend on the certificate of analysis, he or she would have been representing that the facts contained in the legend — the date the certificate of analysis was filed and the office in which it was filed — were true. Because the legend on the certificate of analysis appears without any certification by the clerk, no evidence proved that the certificate of analysis was filed in the clerk’s office on that date.
In Carroll, we reversed the trial judge’s decision to admit a document with the following legend:
A COPY TESTE:
WALTON F. MITCHELL, JR., CLERK
CRAIG COUNTY CIRCUIT COURT
BY /s/ Peggy B. Elmore /s/ Peggy B. Elmore
*20 Id. at 689, 396 S.E.2d at 139. We held that the document had not been authenticated and certified as required by Code § 8.01-389(A). Id. at 691, 396 S.E.2d at 140. We reasoned as follows:
[T]he deficiency in the certificate arises with the signature. The document was not “certified and authenticated” by the clerk but by Peggy B. Elmore. Neither the document itself nor any other evidence in the record establishes that Peggy B. Elmore is authorized by law to act in the place of the clerk. The order does not state that she is a deputy clerk, nor does it contain initials or other indicia to demonstrate that she is a deputy clerk. No evidence was presented to the trial court as to who Peggy B. Elmore is or whether she is authorized to act in place of the clerk.
Id. at 691, 396 S.E.2d at 140.
Without the clerk’s certification and authentication in this case, the trial judge lacked assurance that the certificate of analysis was not placed in the clerk’s file by a third person and at a time different than proported on the legend.
For these reasons, I would reverse the convictions and remand for a new trial.

. The Commonwealth did not address the issue of judicial notice in either its brief or oral argument during the original appellate hearing in this case. Instead, the Commonwealth's sole argument was that the evidence was sufficient to prove that the certificate of analysis was filed seven days before appellant’s trial in accordance with Code § 19.2-187. Only after the original panel decision held that the evidence was insufficient did the Commonwealth raise for the first time its argument that "the trial court was entitled to — and effectively did in this case— take judicial notice of the documents in its own court file.”

. Certification may often encompass authentication. See 18 U.S.C.A. § 3506 (certification by a custodian that certain facts are true "shall authenticate” a record of a regularly conducted activity); Uniform Rule of Evidence 902(11) (if a custodian certifies, or declares under oath, that certain facts are true, a record of a regularly conducted activity is self-authenticating); 7 Wigmore, supra, § 2158, at 772 (certification of a copy also testifies to authenticity of original). However, authentication does not encompass certification.