COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Agee
Argued at Salem, Virginia


TERRY LEE JACKSON

                                       MEMORANDUM OPINION* BY
v.    Record No. 2052-01-3             JUDGE LARRY G. ELDER
                                           MARCH 26, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     J. Leyburn Mosby, Jr., Judge

            Paul Matthew Tancredi, Third Year Law Student
            (David E. Wright, Assistant Public Defender;
            Office of the Public Defender, on brief), for
            appellant.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Randolph A. Beales, Attorney
            General, on brief), for appellee.


     Terry Lee Jackson (appellant) appeals from his bench trial

conviction for possessing cocaine. On appeal, he contends the

evidence was insufficient to prove he constructively possessed

the cocaine found in a jacket inside a car occupied by him and

two others. We hold evidence that the jacket was appellant's

was sufficient to prove he constructively possessed the cocaine,

and we affirm his conviction.

     When considering the sufficiency of the evidence on appeal

of a criminal conviction, we view the evidence in the light most

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Possession of drugs supporting a conviction may be constructive rather than actual. Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497-98 (1990) (en banc). Constructive possession may be proved by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986). Neither close proximity to illegal drugs nor occupancy of an automobile in which they are found, standing alone, amounts to "possession" of such drugs under Code § 18.2-250; however, both are factors that may be considered in determining whether possession occurred in a particular case. See Castaneda v. Commonwealth, 7 Va. App. 574, 583-84, 376 S.E.2d 82, 87 (1989) (en banc). Such circumstantial evidence is sufficient to prove possession as long as it excludes all reasonable hypotheses of innocence flowing from the evidence. See, e.g., Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Here, the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, is that appellant constructively possessed the

-

cocaine found in the pocket of the jacket.  A reliable confidential informant reported to Investigator Lloyd that "a black male with his hair standing straight up on his head wearing a black jacket was in possession of cocaine in a white vehicle with [the] Virginia personalized tag of HOOTID . . . in the area of Fort Avenue."  Although the information Lloyd received from the informant was hearsay, appellant did not object to the admission of that information based on hearsay or any other ground.  In fact, his attorney specifically mentioned in argument to the court that although "[he] would submit that [evidence] is hearsay, . . . [he] did not make that objection."  Thus, the trial court was entitled to consider the tip, received from an informant Investigator Lloyd testified had proven to be reliable, in determining whether the circumstantial evidence was sufficient to prove appellant constructively possessed the cocaine.  See, e.g., Stevens v. Mirakian, 177 Va. 123, 131, 12 S.E.2d 780, 783 (1941) (holding "hearsay testimony admitted without objection may properly be considered and given its natural probative effect" by the finder of fact), cited with approval in Baughan v. Commonwealth, 206 Va. 28, 31, 141 S.E.2d 750, 753 (1965).

After receiving the informant's call, Investigator Lloyd immediately pursued the tip.  Less than twenty minutes later in the area of Fort Avenue, Lloyd spotted the vehicle bearing the license plate described by the informant, and he stopped it to

-

investigate the tip further.  Inside that vehicle, Lloyd discovered three men, but only one of them, appellant, matched the description given by the informant.  When Lloyd effected the stop, appellant was not wearing a jacket.  However, once appellant and the other occupants had exited the car, Investigator Lloyd discovered in the front passenger seat of the vehicle precisely where appellant had been sitting a black jacket which contained cocaine.  Lloyd had carefully observed the occupants of the vehicle from the time he effected the stop until he was able to examine the vehicle's contents, and he saw no gestures or other movements tending to indicate that someone other than appellant placed the jacket or the cocaine in the place where Investigator Lloyd found them.  In addition, the driver and backseat passenger both disclaimed ownership of the jacket.  Thus, the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, was that the jacket belonged to appellant; that appellant was aware of the presence and character of the cocaine in the jacket's pocket; and that the cocaine was subject to appellant's dominion and control.  Thus, the evidence supported the trial court's finding that appellant constructively possessed the cocaine.

For these reasons, we hold the evidence was sufficient to support appellant's conviction, and we affirm.

Affirmed.

-