**Alexandria**
BOGLE DEVELOPMENT COMPANY, INC.

AND

ROCKWOOD INSURANCE COMPANY/
GUARANTY FUND MANAGEMENT SERVICES

v.

ROY BUIE

No. 2366-93-4

Decided December 13, 1994

COUNSEL

S. Vernon Priddy, III (Ralph L. Whitt, Jr.; Sarah Y. M. Kirby; Edward H. Starr, Jr.; Sands, Anderson, Marks & Miller; Mays & Valentine, on briefs), for appellants.

Craig A. Brown (Ashcraft & Gerel, on brief), for appellee.

OPINION

**BAKER, J.**—This is an appeal from a decision of the Workers' Compensation Commission (commission) by Bogle Development Company, Inc. (Bogle), Rockwood Insurance Company (Rockwood), and Guaranty Fund Management Services (the Fund). The issues presented arise out of an original commission award made on September 2, 1988, finding that Roy Buie (claimant), while in the employ of Bogle, sustained a compensable work-related injury. The commission's order required Bogle and Rockwood to pay compensation to claimant, including medical expenses incurred for the treatment of his injury. Subsequent to the entry of that award, but before claimant had fully recovered from his injury, Rockwood became insolvent. Pursuant to the provisions of Code § 38.2-1600, the Fund was required to assume the obligations of Rockwood established by the award.

Subsequent to the entry of the award, claimant was treated for his injury by physicians and medical facilities that Bogle and Rockwood asserted had not been authorized. On the basis of that assertion, they refused to pay the charges made by the medical providers for claimant's treatments. These are the medical expenses involved in this appeal.

A hearing was held on January 13, 1992, before a deputy commissioner, to determine whether the award required Bogle and Rockwood to pay these medical expenses. On March 9, 1992, the deputy commissioner found that Bogle and Rockwood were responsible. No appeal was made from that decision. Attorneys for those medical service providers were threatening to sue claimant for nonpayment. Because neither appellant complied with the deputy's order, claimant submitted the bills to his personal health insurance company, Blue Cross/Blue Shield (BC/BS). BC/BS paid all of the bills submitted, except applicable deductibles. Claimant

personally paid the remainder.

When neither appellant complied with the deputy's order, and specifically refused to reimburse BC/BS for the medical expenses it had paid, claimant wrote to the commission on October 14, 1992 advising that the Fund[1] was claiming that it was not required "to pay the claimant's medical expenses as ordered in Deputy Commissioner Potters [sic] Opinion of May 9, 1992." In his October 14, 1992 letter, claimant asserted that appellants were estopped to deny that they were required to reimburse both BC/BS and claimant and requested that the commission enter a further order directing those payments to be made.[2]

A deputy commissioner, citing *Hartford Fire Insurance Co. v. Tucker*, 3 Va. App. 116, 348 S.E.2d 416 (1986), denied claimant's request for a hearing on the ground that the commission does not have jurisdiction to resolve disputes between insurance companies. Claimant appealed that decision to the full commission. In its January 20, 1993 opinion, the commission reversed the deputy's ruling. It held that because an order of the commission had not been complied with in full, the commission had jurisdiction to enforce that order, and said:

We find upon Review that the Commission has jurisdiction to order reimbursement of those payments both to Blue Cross and to the claimant.

In that opinion, the commission specifically noted that as of January 20, 1993, the date its opinion was released, the Fund had not reimbursed either claimant or BC/BS, and remanded the matter to the hearing docket for further proceedings.

On remand, a further hearing was held on May 5, 1993, before a deputy commissioner who noted that subsequent to the full commission's remand order, claimant had been reimbursed but BC/BS remained unpaid. Appellants renewed their jurisdictional claim. In response, the deputy commissioner cited *American Filtrona Co. v. Hanford*, 16 Va. App. 159, 428 S.E.2d 511 (1993), that held that jurisdictional issues already decided by the commis-

---

[1] By this time, the Fund had been required to assume responsibility for Rockwood's unpaid obligations.

[2] The commission treated this as a "letter application" for a hearing.

sion could not be overturned by a deputy on remand. Responding to a sufficiency of proof issue raised by appellants related to the medical expense amount paid by BC/BS, the deputy said:

The medical bills for which Blue Cross/Blue Shield made payment were rendered by or at the request of physicians covered by Commission awards and long in the defendant's hands without any question about the adequacy of the records. As a result we find no basis to hold otherwise than that the defendants shall reimburse Blue Cross/Blue Shield for $21,016.61 less $4,203.32 payable to Lawrence J. Pascal for legal services rendered pursuant to § 65.2-714, Code of Virginia.

Appellants appealed the deputy's decision to the full commission. By opinion released on November 5, 1993, the commission affirmed the deputy's decision. It is from that affirmance that appellants appeal.

The commission acquired jurisdiction to enforce its orders when it found that claimant had sustained a work-related injury and entered the appropriate award. That jurisdiction continues so long as claimant has a right arising out of that injury that requires enforcement by the commission.

The issue presented to this Court concerning payment of the medical expenses did not arise only when claimant filed his letter application on October 14, 1992. It began with the order directing Bogle and Rockwood to pay claimant's medical expenses so long as necessary for the treatment of his injury. The present issue was particularized when Bogle and Rockwood declined to pay medical expenses that they asserted had not been authorized. It continued when claimant requested the commission to enforce its award by entry of a specific order requiring appellants to pay the expenses they had refused to pay. Jurisdiction continued when, at claimant's request, a deputy commissioner on March 9, 1992 found that the treatments incurred were authorized and ordered that appellants pay the cost of those treatments. For seven months thereafter, no payments were made. Jurisdiction continued to enforce the award order, as well as the March 9, 1992 order, when claimant requested a hearing by his October 14, 1992 letter application seeking enforcement. The commission considered the October 14, 1992 letter application and found that it had jurisdiction over the

issue raised. In addition, it noted that appellants had not reimbursed either claimant or BC/BS. It remanded the cause to a deputy commissioner for further proceedings on the issue of the medical expenses.

When claimant filed his October 14, 1992 letter application for a hearing with the commission, appellants had not complied with the March 9, 1992 order that required them to reimburse claimant and BC/BS. Therefore, an issue involving claimant's workers' compensation right remained to be decided. Having jurisdiction to decide an issue involving a right of claimant, the commission also had jurisdiction to respond to the other issues raised.

It seems to us that when the General Assembly established the Industrial Commission for the summary disposition of cases arising out of industrial accidents, it intended that that tribunal should have jurisdiction to do full and complete justice in each case.

*Harris v. Diamond Constr. Co.*, 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946). *See also Hudock v. Indus. Comm'n*, 1 Va. App. 474, 480, 340 S.E.2d 168, 172 (1986). Only after the commission held on January 20, 1993 that it had jurisdiction to consider all issues raised by the October 14, 1992 letter application and remanded the matter to the deputy for further proceedings on that application did the Fund reimburse claimant. Appellants cannot divest that jurisdiction by reimbursing claimant after the commission has ruled it has jurisdiction to determine the issues raised.[3]

To support their position, appellants rely upon *Hartford*, 3 Va. App. 116, 348 S.E.2d 416, and *Travelers Insurance Co. v. Sitko*, 496 So. 2d 920 (Fla. Dist. Ct. App. 1986). Neither case involved the rights of a claimant. Each was limited to contests between rights of the insurance companies. We find those cases to be inapplicable to the case before us because they are distinguishable upon the facts.

As noted, after the commission held that it had jurisdiction to determine the reimbursement issue to both claimant and BC/

---

[3] We do not here decide whether the commission would have had jurisdiction if the Fund had reimbursed claimant prior to his application upon which this case was decided and if there had been no continuing need for treatment resulting from the injury upon which the award was made.

BS, the Fund accepted the evidence in the record without further documentation and reimbursed claimant. Now it claims that the proof as to BC/BS was not properly documented and cannot be used to support payment to BC/BS. The General Assembly has directed the commission to liberally construe the statutory provisions and the strict rules of evidence are not applicable in factual hearings of the commission. *Piedmont Mfg. Co. v. East*, 17 Va. App. 499, 512, 438 S.E.2d 769, 777 (1993).

■ Addressing a similar issue, the Supreme Court of Virginia has held that medical bills received by an injured party are *prima facie* evidence that the charges were reasonable and necessary. *See Walters v. Littleton*, 223 Va. 446, 290 S.E.2d 839 (1982). *See also Nationwide Mut. Ins. Co. v. Jewel Tea Co.*, 202 Va. 527, 118 S.E.2d 646 (1961) (holding that the amount paid by an insurance company is *prima facie* evidence of its reasonableness). We find nothing in this record to rebut the *prima facie* evidence of the charges made and contained in this record. Moreover, as reported by the deputy commissioner, appellants were fully aware of the claim and had documents "in hand" showing the amount of the medical expenses incurred. We have reviewed the record and find sufficient evidence to support the commission's decision as to the amount of those expenses. We are bound by the commission's decision as to the amount owed. *Fairfax Hosp. v. DeLaFleur*, 221 Va. 406, 410, 270 S.E.2d 720, 722 (1980).

We have examined the remaining issues raised by appellants in this appeal and find that the evidence supports the commission's decisions.

Accordingly, the judgment of the commission is affirmed.

*Affirmed.*

Fitzpatrick, J., and Duff, S.J., concurred.