COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Elder and Petty
Argued at Richmond, Virginia

FREDERICKSBURG ORTHOPAEDIC
 ASSOCIATES

OPINION BY
v.      Record No. 1714-12-2        CHIEF JUDGE WALTER S. FELTON, JR.
                                    MAY 14, 2013

FREDERICKSBURG MACHINE & STEEL, LLC
 AND COMMONWEALTH CONTRACTORS GSIA

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Zenobia J. Peoples for appellant.

Katharina K. Alcorn (Angela F. Gibbs; Midkiff, Muncie, and Ross,
P.C., on brief), for appellees.

Fredericksburg Orthopaedic Associates ("medical provider") appeals from the Workers'

Compensation Commission's ("commission") denial of its request for payment of $8,966.56 in

medical service fees from Fredericksburg Machine & Steel, LLC and its insurer Commonwealth

Contractors (collectively, "employer").  On appeal, the medical provider asserts that the

commission erred in holding that because medical provider increased its charges for medical

treatment by 40% for all workers' compensation patients, its medical bills for this employee's

treatments were not *prima facie* evidence that the charged fees were reasonable and necessary.

For the following reasons, we affirm the decision of the commission.

I.  BACKGROUND

"We view the evidence on appeal in the light most favorable to [employer], the prevailing

party before the commission."  Dunnavant v. Newman Tire Co., 51 Va. App. 252, 255, 656

S.E.2d 431, 433 (2008).  On December 17, 2008, Michael Donald ("employee") suffered a

work-related injury to his right shoulder while working for employer. On February 16, 2009, medical provider performed surgery on employee's right shoulder. Medical provider submitted a bill for employee's medical treatment to employer in the amount of $12,682. Of that amount, employer paid medical provider $3,715.44. The medical provider asserted that the remaining balance of $8,966.56 was still owed to it. That claim was the subject of the medical provider's March 2, 2011 application for hearing filed with the commission.

During a hearing on February 5, 2012, Ron Whiting, the Chief Financial Officer of the medical provider, testified that medical provider uses two different standard fee schedules, one for non-workers' compensation medical treatment services, and another for workers' compensation related medical treatment services. Mr. Whiting testified that the standard fee schedule charges workers' compensation patients 40% more for medical treatment services than the standard fee schedule applicable to non-workers' compensation patients. Whiting further testified that the reason workers' compensation patients are charged 40% more for medical treatment services is due to the additional overhead costs medical provider incurs in processing workers' compensation claims. He testified that:

> It takes more to produce because number one, we, first we have to wait for your money, okay so you've got time value of money. I have to deal with case workers all the time. Everything that we do, unless it's in the [emergency room] has to be . . . approved by case managers and not always the same case managers working that case. So, and then we continually have to send out or fax out records. That takes . . . time and money. I mean people don't think about it, what goes in to produce a piece of paper in a fax machine but by the time you get with the ink and the toner and the lease payment and the personal property tax, that cost[s] us money so there's an inherent overhead bump when you're working with [workers' compensation]. And it's not . . . an event. Okay, it's an ongoing thing.

Following the hearing, the deputy commissioner concluded that the "medical provider's practice of charging 40% more for the treatment of workers' compensation patients is unreasonable under [Code] § 65.2-605. We also find that [medical provider] loses its

presumption of the reasonableness of its charges." The deputy commissioner found that there was

> no evidence that the 40% surcharge bears any relation to the increase in overhead costs when [medical provider] treats a workers' compensation patient. Therefore, we are constrained to find that this medical provider has failed to sustain its *prima facie* case showing that its charges for the medical treatment in question were reasonable under [Code] § 65.2-605. Additionally, having lost its presumption of reasonableness, [medical provider] did not assert or prove that medical charges based upon its general fee schedule would have been appropriate under [Code] § 65.2-605.

The medical provider thereafter requested review by the full commission. In its opinion, the commission affirmed the ruling of the deputy commissioner that the medical provider failed to establish a *prima facie* showing that its charges for medical treatment were reasonable and necessary under Code § 62.5-605. The commission made the following findings of fact:

> 1. Based upon the testimony of Mr. Ronald Whiting, Chief Financial Officer for [medical provider], we find that [medical provider] utilizes two fees schedules when assigning medical charges to a patient.
>
> 2. Based upon the testimony of Mr. Whiting, we find that the fee schedule for workers' compensation patients charges 40 percent more for services than the general fee schedule for non-workers' compensation patients based upon the additional clerical work required, the delay of payment by insurers and the expense of litigation.
>
> 3. There is no evidence as to the extent of [medical provider's] additional workers' compensation expenses in this specific case.
>
> 4. There is no evidence regarding the amount that the claimant would have been charged if he was a non-workers' compensation patient.

## II. ANALYSIS

On appeal, the medical provider asserts that the commission erred in affirming the deputy commissioner's holding that, because the medical provider increased its charges by 40% for all

workers' compensation patients, the medical bills were not *prima facie* evidence that the charged

fees in this case were reasonable and necessary.

"'[I]t is our duty to determine whether credible evidence supports the [c]ommission's

finding . . . and, if such evidence exists, to sustain the finding.'" Celanese Fibers Co. v. Johnson,

229 Va. 117, 121, 326 S.E.2d 687, 690 (1985) (quoting Cook v. City of Waynesboro, 225 Va.

23, 31, 300 S.E.2d 746, 750 (1983) (citations omitted)) (first alteration in original).

Code § 65.2-605 provides, in pertinent part:

> The pecuniary liability of the employer for medical,
> surgical, and hospital service herein required when ordered by the
> Commission shall be limited to such charges as prevail in the same
> community for similar treatment when such treatment is paid for
> by the injured person . . . .

Code § 65.2-714(A) provides, in pertinent part, that "[f]ees of . . . physicians and charges of

hospitals for services, whether employed by employer, employee or insurance carrier under this

title, shall be subject to the approval and award of the Commission."  "This section was intended,

as we construe it, to give the [commission] the power to pass on . . . physicians' charges when

rendered -- in other words, it was the intent of the act not to allow . . . a physician to overcharge

for their services." Bee Hive Mining Co. v. Ind. Comm'n, 144 Va. 240, 242, 132 S.E. 177, 177

(1926) (involving predecessor statute).

However, "[s]o long as a causal relationship between the industrial accident and the . . .

[treatment rendered] is shown, the employer is financially responsible for the medical attention

which the attending physician deems necessary, subject to review by the Commission."

Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 714, 427 S.E.2d 215, 217-18 (1993).

Medical bills are "*prima facie* evidence that the charges" were reasonable and necessary. Ceres

Marine Terminals v. Armstrong, 59 Va. App. 694, 703, 722 S.E.2d 301, 306 (2012).  "[T]he

employer bears the burden of proving the excessiveness of the charges contained in a proffered

medical bill under a workers' compensation award." Id. at 705, 722 S.E.2d at 307. Pursuant to Code § 65.2-605, employers look to the prevailing rate in the community to challenge the reasonableness of a medical provider's charges.[1]

Here, the medical provider presented to the deputy commissioner its medical bills showing treatment costs of $12,682 to the employee. Employer argues that in this particular case, the burden remained with the medical provider to prove its medical charges were reasonable and necessary because it charged, without explanation, 40% more for this workers' compensation patient. The commission found that there was "no evidence as to the extent of [medical provider's] additional workers' compensation expenses in this specific case" nor was there "evidence regarding the amount that the claimant would have been charged if he was a non-workers' compensation patient." The medical provider failed to offer any evidence supporting its assertion that in this particular case the medical charges, with the added 40% surcharge, were reasonable and necessary. The only reason given by the medical provider for its 40% surcharge of workers' compensation patients was the testimony of its chief financial officer regarding that policy.

Accordingly, we conclude from the record on appeal that the commission did not err in finding that the medical provider's treatment bills, including a 40% surcharge solely because employee was a workers' compensation patient, were not *prima facie* evidence that the medical bills were reasonable and necessary.

We also affirm the commission's finding that medical provider "failed to present any evidence and testimony that the medical charges based upon [medical provider's] general fee

---

[1] "Rule 14 of the commission defines the relevant community for the purposes of Code § 65.2-605." Ceres Marine Terminals, 59 Va. App. at 705, 722 S.E.2d at 307 (citing 16 VAC 30-50-150). Fredericksburg is located in planning district 16 for which the relevant community, under Rule 14, is community 9.

schedule were limited to the prevailing community rate." Accordingly we find no error in the commission's holding that the deputy commissioner did not err in refusing to calculate and award payment of the unpaid balance of the medical treatment charges to medical provider.

## III.  CONCLUSION

For the reasons stated above, we affirm the decision of the commission holding that the medical provider's unpaid medical treatment charges for the employee were not reasonable and necessary.

<u>Affirmed.</u>

Elder, J., dissenting.

The majority holds that the medical provider "failed to offer any evidence supporting its assertion that in this particular case the medical charges, with the added 40% surcharge, were reasonable and necessary." To that end, the majority concludes the commission did not err in finding that the medical provider's treatment bills, including a 40% surcharge solely because employee was a workers' compensation patient, were not *prima facie* evidence that the medical bills were reasonable and necessary. Because I believe this holding improperly shifts the burden of proving the reasonableness of the medical treatment to the medical provider and ignores the evidence establishing the prevailing rate, I respectfully dissent.

I agree with the majority that "medical bills received by an injured party are *prima facie* evidence that the charges were reasonable and necessary." Bogle Dev. Co. v. Buie, 19 Va. App. 370, 375, 451 S.E.2d 682, 685 (1994), rev'd on other grounds, 250 Va. 431, 463 S.E.2d 467 (1995); see Walters v. Littleton, 223 Va. 446, 452, 290 S.E.2d 839, 842 (1982) ("[E]vidence presented by bills regular on their face of the amounts charged for medical service is itself some evidence that the charges were reasonable and necessary."). Further, "it is the claimant's burden to demonstrate that the treatment for which he seeks payment is . . . necessary for treatment of his compensable injury." Portsmouth Sch. Bd. v. Harris, 58 Va. App. 556, 563, 712 S.E.2d 23, 26 (2011). However, "the employer bears the burden of establishing that a billed medical expense is excessive." Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 705, 722 S.E.2d 301, 307 (2012). It is undisputed that the medical procedures in this case were necessary to treat the claimant's compensable injury. Thus, the inquiry is whether the fees for rendering that treatment were excessive, and the burden of proving they were remains on the employer.

Code § 65.2-605 "names an exclusive basis upon which to determine whether a charge of treatment is excessive—whether the charge exceeds the rate that 'prevail[s] in the same

community for similar treatment.'" Id. at 707, 722 S.E.2d at 309 (quoting Code § 65.2-605). "A charge which prevails in the community plainly means that which 'is in general or wide circulation or use' in the community at the time of the treatment." Id. at 706, 722 S.E.2d at 307 (quoting Webster's Third New International Dictionary 1797 (1981)). It is the employer who must answer the ultimate question of excessiveness: "What would a surgeon and his assistant with the skill and experience of those that operated on [claimant] typically charge for the surgery performed on [claimant] at the time and in the community that the surgery was performed?" Id. at 706, 722 S.E.2d at 308.

Here, employer presented no evidence other than medical provider's 40% surcharge for treatment of *all* workers' compensation patients to rebut the presumption that medical provider's charges for employee's treatment were reasonable and necessary.[2] Requiring a medical provider to justify its medical bills is not the same as establishing the prevailing rate. Indeed,

> if the medical provider had the burden to prove that the charge for the claimant's reasonable and necessary medical treatment was not excessive every time payment was sought under an award, such a rule would necessarily frustrate prompt payment for the treatment, and would therefore inhibit the claimant's receipt of treatment that he is entitled to under the [Workers' Compensation] Act.

Id. at 704, 722 S.E.2d at 306. By faulting medical provider for failing to justify the 40% surcharge, the majority shifts the burden to the medical provider in contravention of Code § 65.2-605.

In any event, the evidence in the record does not allow the commission to reject the medical bills wholesale because the record provides a basis for determining a reasonable charge that employer may rebut using evidence of the prevailing rate. Ronald Whiting, medical provider's CFO, testified that the medical provider established "two standard fee schedules[:]"

---

[2] Circumstances may support an administrative fee in some cases, but an across the board 40% surcharge is unreasonable.

one setting out the fee for standard patients, and another for workers' compensation claims. Whiting further confirmed that a patient who was receiving compensable treatment under the Act would be charged 40% higher rates. Therefore, the commission had before it evidence from which it should have reduced the total medical bill, $12,682, in line with the standard fee. Based on the evidence that $12,682 was 40% more than the standard fee, a presumptively reasonable bill equals $9,058.57. From this sum, the commission should have subtracted the money already paid out by employer, $3,715.44, and directed employer to pay the balance of $5,343.13 unless employer could provide evidence that the prevailing rate in the community was lower. To disregard the entire medical bill when simple arithmetic could have corrected the overcharge allows employer to unilaterally pay only a fraction of the medical bills without shouldering its statutory burden.

Accordingly, I would reverse the commission's decision and remand with instructions to determine the proper payment consistent with the above reasoning.