ELDER, J.,
dissenting.
The majority holds that the medical provider “failed to offer any evidence supporting its assertion that in this particular case the medical charges, with the added 40% surcharge, were reasonable and necessary.” To that end, the majority concludes the commission did not err in finding that the medical provider’s treatment bills, including a 40% surcharge solely because employee was a workers’ compensation patient, were not prima facie evidence that the medical bills were reasonable and necessary. Because I believe this holding improperly shifts the burden of proving the reasonableness of the medical treatment to the medical provider and ignores the evidence establishing the prevailing rate, I respectfully dissent.
I agree with the majority that “medical bills received by an injured party are prima facie evidence that the charges were reasonable and necessary.” Bogle Dev. Co. v. Buie, 19 Va. App. 370, 375, 451 S.E.2d 682, 685 (1994), rev’d on other grounds, 250 Va. 431, 463 S.E.2d 467 (1995); see Walters v. Littleton, 223 Va. 446, 452, 290 S.E.2d 839, 842 (1982) (“[E]vidence presented by bills regular on their face of the amounts charged for medical service is itself some evidence that the charges were reasonable and necessary.”). Further, “it is the claimant’s burden to demonstrate that the treatment for which he seeks payment is ... necessary for treatment of his compensable injury.” Portsmouth Sch. Bd. v. Harris, 58 Va.App. 556, 563, 712 S.E.2d 23, 26 (2011). However, “the employer bears the burden of establishing that a billed medical expense is excessive.” Ceres Marine Terminals v. Armstrong, 59 Va.App. 694, 705, 722 S.E.2d 301, 307 (2012). It is undisputed that the medical procedures in this case were necessary to treat the claimant’s compensable injury. Thus, the inquiry is whether the fees for rendering that treatment *91 were excessive, and the burden of proving they were remains on the employer.
Code § 65.2-605 “names an exclusive basis upon which to determine whether a charge of treatment is excessive—whether the charge exceeds the rate that ‘prevail[s] in the same community for similar treatment.’ ” Id. at 707, 722 S.E.2d at 309 (quoting Code § 65.2-605). “A charge which prevails in the community plainly means that which ‘is in general or wide circulation or use’ in the community at the time of the treatment.” Id. at 706, 722 S.E.2d at 307 (quoting Webster’s Third New International Dictionary 1797 (1981)). It is the employer who must answer the ultimate question of excessiveness: “What would a surgeon and his assistant with the skill and experience of those that operated on [claimant] typically charge for the surgery performed on [claimant] at the time and in the community that the surgery was performed?” Id. at 706, 722 S.E.2d at 308.
Here, employer presented no evidence other than medical provider’s 40% surcharge for treatment of all workers’ compensation patients to rebut the presumption that medical provider’s charges for employee’s treatment were reasonable and necessary.[2] Requiring a medical provider to justify its medical bills is not the same as establishing the prevailing rate. Indeed,
if the medical provider had the burden to prove that the charge for the claimant’s reasonable and necessary medical treatment was not excessive every time payment was sought under an award, such a rule would necessarily frustrate prompt payment for the treatment, and would therefore inhibit the claimant’s receipt of treatment that he is entitled to under the [Workers’ Compensation] Act.
Id. at 704, 722 S.E.2d at 306. By faulting medical provider for failing to justify the 40% surcharge, the majority shifts the *92 burden to the medical provider in contravention of Code § 65.2-605.
In any event, the evidence in the record does not allow the commission to reject the medical bills wholesale because the record provides a basis for determining a reasonable charge that employer may rebut using evidence of the prevailing rate. Ronald Whiting, medical provider’s CFO, testified that the medical provider established “two standard fee schedules[:]” one setting out the fee for standard patients, and another for workers’ compensation claims. Whiting further confirmed that a patient who was receiving compensable treatment under the Act would be charged 40% higher rates. Therefore, the commission had before it evidence from which it should have reduced the total medical bill, $12,682, in line with the standard fee. Based on the evidence that $12,682 was 40% more than the standard fee, a presumptively reasonable bill equals $9,058.57. From this sum, the commission should have subtracted the money already paid out by employer, $3,715.44, and directed employer to pay the balance of $5,343.13 unless employer could provide evidence that the prevailing rate in the community was lower. To disregard the entire medical bill when simple arithmetic could have corrected the overcharge allows employer to unilaterally pay only a fraction of the medical bills without shouldering its statutory burden.
Accordingly, I would reverse the commission’s decision and remand with instructions to determine the proper payment consistent with the above reasoning.

. Circumstances may support an administrative fee in some cases, but an across the board 40% surcharge is unreasonable.